UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK ALLISON,

    Plaintiff,

v.   Case No. 2:10-cv-201
    HON. R. ALLAN EDGAR

CATHERINE BAUMAN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a motion for a temporary restraining order and preliminary injunction against defendants to prevent them from taking future actions against plaintiff that could harm him. Plaintiff asserts that defendants have assaulted him, retaliated against him, and confiscated his legal property. Plaintiff believes this conduct will continue to happen as long as he is housed in the Upper Peninsula of Michigan. Plaintiff would also like the court to join all upper peninsula prison staff in this motion including the wardens of Alger, Marquette and Baraga prisons.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

    1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

    2. Whether the movant has shown irreparable injury.

    3. Whether the preliminary injunction could harm third parties.

    4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights. Plaintiff has made a number of allegations but has not attempted to support his allegations with any factual evidence. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief. Plaintiff has asserted that he fears violation of his constitutional rights. Defendants and all prison staff are already obligated not to violate plaintiff's constitutional rights. No further order from this court is necessary to compel defendants and prison staff to safeguard plaintiff's constitutional rights.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is

necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for a temporary restraining order and preliminary injunction and joinder of parties (Docket #61) be denied. I further recommend that plaintiff's motion to submit petition for redress of grievances (Docket #75) be denied.

<u>NOTICE TO PARTIES</u>: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   March 29, 2012