UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK ALLISON,

    Plaintiff,

v.                                                                       Case No. 2:10-cv-201
                                                                   HON. R. ALLAN EDGAR

CATHERINE BAUMAN, et al.,

    Defendants.
_____/

**<u>ORDER</u>**

    Plaintiff Derrick Allison, a Michigan state prisoner in the custody of the Michigan Department of Corrections (MDOC), brings this *pro se* federal civil rights action pursuant to 42 U.S.C. § 1983. There are two matters presently before the Court.

    Plaintiff Allison moves for a temporary retraining order and preliminary injunction under Fed. R. Civ. P. 65. In the same motion, he also moves for the joinder of additional party defendants under Fed. R. Civ. P. 19. [Court Doc. No. 61]. Plaintiff Allison subsequently filed a related "motion to submit petition for redress of grievances." [Court Doc. No. 75]. The motions were referred to Magistrate Judge Timothy P. Greeley for his report and recommendation.

    On March 29, 2012, Magistrate Judge Greeley submitted his report and recommendation that the motions be denied. [Court Doc. No. 78]. Plaintiff Allison has timely filed objections [Court Doc. No. 79] supported by his declaration made under penalty of perjury pursuant to 28 U.S.C. § 1746. [Court Doc. No. 80].

    After reviewing the record *de novo*, the Court concludes that the plaintiff's objections [Court

Doc. No. 79] are without merit and are **DENIED**. Plaintiff has not met his burden of showing that he is entitled to a temporary retraining order and preliminary injunction under Fed. R. Civ. P. 65.

Plaintiff improperly and unreasonably seeks to greatly broaden the scope of this civil action by the joinder of a numerous additional party defendants including: (1) the wardens of three MDOC prisons, namely the Alger Correctional Facility, Baraga Correctional Facility, and Marquette Branch Prison; (2) all defendants who are already being sued by plaintiff Allison in a separate federal civil rights action pending in this Court styled *Derrick Allison v. Tammy Lindenmuth*, *et al.*, Case No. 2:11-cv-325; and (3) various other unnamed persons who are only identified as a group as all MDOC prison staff in Michigan's Upper Peninsula prisons. Plaintiff has not met his burden of showing that it is necessary to join any of these additional persons as defendants in the instant civil action under Rule 19 in order for this Court to adjudicate the plaintiff's amended complaint.

The Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3. Accordingly, the plaintiff's motions [Court Doc. Nos. 61, 75] are **DENIED**.

SO ORDERED.

Date: April 31, 2012.

                                        */s/ R. Allan Edgar*
                                        R. ALLAN EDGAR
                                        UNITED STATES DISTRICT JUDGE